IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ORIENTAL HEALING CLINIC, INC.,
a Florida Corporation,

    Plaintiff,

v.                                        CASE NO. 1:04-cv-00092-MP-AK

ANTHONY J. PRINCIPI,
in his official capacity as
SECRETARY OF VETERANS AFFAIRS
for the UNITED STATES OF AMERICA
    Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 47, Defendant's Motion to Dismiss for Lack of Jurisdiction, and Doc. 53, Plaintiff's Motion to Amend Complaint.  Doc. 47 petitions this Court to find a lack of subject matter jurisdiction over Plaintiff's current claim.  In Doc. 53, Plaintiff agrees that this court lacks jurisdiction over its current claim and requests that this Court permit Plaintiff to amend its complaint so as to proceed against Defendant under the Administrative Procedures Act (APA).  Defendant filed, in Doc. 55, its response to Plaintiff's Motion to Amend. After reviewing these motions and the applicable statutes and case law, this Court denies Plaintiff's Motion to Amend Complaint and grants Defendant's Motion to Dismiss.

This case arises from a contractual relationship between Plaintiff and Defendant, in which Plaintiff, as an independent contractor, was providing on-site acupuncture services, through Plaintiff's principal agent and director, Bi Tao Lian, at the Veteran's Affairs (VA) medical center.  According to Doc. 20, Defendant's Motion for Summary Judgment, Lian's behavior became increasingly erratic, disruptive, and threatening, and she was thus removed and

prohibited from the property.  Mot. for Summ. J. at 10 - 15.  Plaintiff alleges that this removal and prohibition of Lian, a Chinese woman, was based on racial discrimination.

Doc. 38, Plaintiff's previous complaint, based the action against Defendant on 42 U.S.C § 1981, which provides persons equal rights in making and enforcing contracts.  Defendant moved this Court to dismiss that action in part because, according to Defendant, the United States' government has not waived sovereign immunity for claims based on §1981.  Plaintiff agrees with Defendant's contention that the action cannot be brought under §1981.  And, in compliance with his role as an officer of the Court, Plaintiff's Lawyer disclosed that <u>Unimex, Inc. v. U.S. Dept. of Housing and Urban Development</u>, 594 F.2d 1060, 1161-1162, (5th Cir. 1979), and <u>U.S. v. Timmons</u>, 672 F.2d 1373, 1380 (11th Cir. 1982), both hold that the United States' government has not waived sovereign immunity as to 42 U.S.C § 1981.

With Plaintiff's §1981 claim foreclosed by its own admission, Plaintiff now seeks permission to amend so as to pursue its claim under the APA.  The U.S. Supreme Court has established that amendments should be allowed unless the attempt to amend is the product of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  For the reasons below, this Court finds that Plaintiff's Motion to Amend is futile because Plaintiff's claim cannot be pursued under the APA.

First, the APA is inadequate to allow pursuit of Plaintiff's claim because Plaintiff's claim is grounded in contract and the Tucker Act deprives this Court of jurisdiction.  According to 28 U.S.C. § 1491(a)(1), the "Tucker Act", the Court of Federal Claims has jurisdiction over "claim[s] against the United States founded . . . upon . . . any express or implied contract with the United States."  While the Tucker Act grants the Court of Federal Claims jurisdiction over

contractual claims against the United States, this jurisdiction is not entirely exclusive. 28 U.S.C. § 1346(a)(2) states that district courts have "jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States." However, the district courts' jurisdiction is limited to claims "not exceeding $10,000." Indeed, the 11th Circuit Court of Appeals has held that "the [']Tucker Act[][']] requires that claims against the United States for amounts in excess of $10,000 founded on contracts with the United States must be brought in the Court of Claims." Friedman v. U.S., 391 F.3d 1313, 1315 (11th Cir. 2004) (*citing* Mark Dunning Indus., Inc. v. Cheney, 934 F.2d 266, 269 (11th Cir.1991); Graham v. Henegar, 640 F.2d 732, 734 (5th Cir.1981)).

     Defendant correctly asserts that Plaintiff's claim is contractual and is for more than $10,000. A test to determine whether Plaintiff's claim is essentially contractual in nature is laid out in Megapulse, Inc. v. Lewis as a two prong analysis in which a court looks at "the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought." 672 F.2d 959, 968 (D.C. Cir.1982). In the instant case, the source of rights upon which Plaintiff bases its claims is contractual because Plaintiff's only actionable damage stems from breach of contract. Previously, an EEOC administrative judge found as a matter of fact and law that the Plaintiff was not an employee and was an independent contractor. See Bench Decision, Ex. 2 to the Stat. of Facts. As an independent contractor, Plaintiff must necessary prove a contractual right and its breach to prevail. Thus, Plaintiff's claim is not reliant upon discrimination like Plaintiff asserts. In fact, the reason for any breach of contract would be irrelevant. For example, should the Plaintiff fail to prove any contractual breach and prove discrimination, the Plaintiff could not

prevail as there would be no actionable damage.  Here, the contract was either breached or it was not, thus "the source of the rights upon which the plaintiff bases its claims" is solely contractual.

Plaintiff is suing to recover damages that it suffered from the VA prohibiting one of Plaintiff's employees from performing acupuncture services at the VA, allegedly in violation of Plaintiff's contract.  Thus, but for a contract, and an alleged breach, Plaintiff could have suffered no actionable damage.  As a result, it is unescapable that the type of relief sought is contractual damages.  Both prongs of the Megapulse test, the source of rights and the type of relief sought, lead to determining that Plaintiff's claim is contractual in nature.  Furthermore, Plaintiff is asking for relief in the range of $100,000 or more.  Plaintiff's Mot. to Amend Compl. P.2.  Because Plaintiff's claim is contractual in nature and exceeds $10,000, 28 U.S.C. § 1346(a)(2) does not apply to give this Court jurisdiction, and the Tucker Act requires that this action be brought in the Court of Claims.

Additionally, the APA, see 5 U.S.C. § 702, only waives sovereign immunity in an action "seeking relief other than money damages. . . ."  Here, Plaintiff claims the relief it seeks is merely equitable and injunctive, however, the relief Plaintiff seeks can be more accurately categorized as money damages.  While in Bowen v. Mass., 487 U.S. 879, 893, the Supreme Court held that "the fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages' under [§] 702," in the instant case, the relief is unquestionably money damages.

In Bowen, the Plaintiff, the State of Massachusetts, was seeking a reimbursement of funds from a federal agency to which the State was already entitled.  That is, the State was not being compensated for damages suffered, it was merely being reimbursed money it was already

owed under a federal program. Moreover, the equitable reimbursement the state was requesting was not "damages" in the traditional sense. That is, it was not an award of discretionary funds or funds available for unrestricted spending. The reimbursement award was still subject to federal fiscal controls.

Here, Plaintiff seeks "back pay" in addition to other forms of relief. Although back pay is generally an equitable remedy, see Waldrop v. Southern Co. Servs., 24 F.3d 152 (11th Cir. 1994), back pay is an award of unrestricted funds and more similar to "damages" than the restricted funds awarded in Bowen. While determining whether back pay constitutes money damages under Bowen and similar cases would be a more difficult question, the relief Plaintiff seeks is not, in reality, "back pay." The relief Plaintiff seeks is actually contractual damages. Back pay is a remedy against an employer, but here, Plaintiff is an independent contractor and the VA is not Plaintiff's employer. Furthermore, Plaintiff has not cited any cases that support the proposition that independent contractors are entitled to back pay. Plaintiff's own complaint states that it was because Defendant prohibited Plaintiff's employee from the VA premises, allegedly in violation of Plaintiff's contract, that Plaintiff suffered damages. Thus, any relief Plaintiff is asking for is, in fact, money damages stemming from the alleged breach of contract, not merely equitable reimbursement, like the relief in Bowen. Because Plaintiff is seeking money damages, 5 U.S.C. § 702 does not waive sovereign immunity for Plaintiff to bring its claim via the APA.

This Court agrees with the reasoning of the Court in Megapulse that although claims within the purview of the Tucker Act could almost always be urged to involve agency error subject to review in the district courts under the APA, it was not Congress' intent, in enacting the

APA, to so destroy the Court of Claims by implication. Megapulse, 672 F.2d at 967. See also, International Engineering Co., Div. of A-T-O, Inc. v. Richardson, 512 F.2d 573, 580 (C.A.D.C., 1975). Further,

> a plaintiff whose claims against the United States are essentially contractual should not be allowed to avoid the jurisdictional (and hence remedial) restrictions of the Tucker Act by casting its pleadings in terms that would enable a district court to exercise jurisdiction under a separate statute and enlarged waivers of sovereign immunity, as under the APA.

Megapulse, 672 F.2d at 967.

The lack of a final decision, a prerequisite for a claim to be brought under the APA is another reason Plaintiff's claim cannot be brought under the Administrative Procedures Act. The APA only permits judicial review of "[a]gency action[s] made reviewable by statute and final agency action[s] for which there is no other adequate remedy in a court. . . ." 5 U.S.C. § 704. "When, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" Lujan v. National Wildlife Federation, 497 U.S. 871, 882-883 (1990); *see* 5 U.S.C. § 704. And, it follows then that the claim must be brought against the agency that committed the final agency action.

However, Plaintiff alleges in its proposed Amended Complaint (attached as exhibit A to Motion to Amend Complaint):

> On April 21, 2004, the EEOC issued a bench decision concluding that LIAN was an independent contractor and not an employee. The EEOC declined to investigate further because the statute it enforces (namely Title VII) only applies to employees.
> The agency investigating the charge has issued a final agency decision and given LIAN the right to file a civil action.

Amend. Compl ¶¶ 12-13.  This allegation makes it sound as though the final agency action being challeged is that of the EEOC, yet a final agency decision by the EEOC could not fulfill the elements necessary to bring suit under the APA against the VA.  The EEOC's decision was only that Plaintiff held the status of an independent contractor.  Yet, Plaintiff does not allege that the status of being an independent contractor caused Plaintiff harm.  Thus, the EEOC's "final decision" cannot be used as a basis for suit.  Moreover, Plaintiff is not even suing the EEOC.

The decision that Plaintiff alleges did cause it harm was the VA's decision to exclude Plaintiff's employee from the VA building.  But, using this decision as a basis for suit fails because there was no "final agency action."  As Defendant points out:

> There is nothing in the record before this Court demonstrating that the agency's decision to prohibit the Plaintiff's employee access to the agency property extended to the Plaintiff itself or was permanent or final in any manner[2]. Neither the Plaintiff or its employee ever sought re-entry or made any effort to discuss with the agency the circumstances or conditions under which the acupuncture services could again be provided on agency property, thereby establishing the final nature of the agency's action.  FN. 2: There is virtually nothing in the record which would support an allegation that, had the Plaintiff employed another acupuncturist of whatever nationality, that person would not have been permitted to perform the services on site. In fact, the record demonstrates that the agency required the Plaintiff's employee to stay away from the agency's property because of disruptive conduct. The Court is left to speculate as to whether the agency would have acted differently or even what may have happened had the Plaintiff made reasonable efforts to insure the disruptive conduct would not repeat itself.

Resp. to Mot. to Amend Compl. at 5-6.

The Supreme Court Case of <u>Bennett v. Spear</u>, 520 U.S. 154, 177-78 outlines a test for determining whether an action constituted a final agency action:

> As a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the "consummation" of the agency's decisionmaking process, <u>Chicago & Southern Air Lines, Inc. v. Waterman S. S.</u>

<u>Corp.</u>, 333 U.S. 103, 113, 92 L. Ed. 568, 68 S. Ct. 431 (1948)--it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow," <u>Port of Boston Marine Terminal Assn. v. Rederiaktiebolaget Transatlantic</u>, 400 U.S. 62, 71, 27 L. Ed. 2d 203, 91 S. Ct. 203 (1970).

In the instant case, Plaintiff, Oriental Healing Clinic, Inc., was never actually barred from the VA premises, only Plaintiff's agent Lian was told to perform services off site. No decision was ever made, or "consummated," that Plaintiff, itself, could not perform services at the VA. And, because the VA never made any decision regarding Plaintiff's access to the premises and how the VA's decision regarding Lian affected Plaintiff is unclear,[1] the action was not one in which "rights or obligations" were "determined." For these reasons, the local VA's decision to exclude Plaintiff's agent from its building did not amount to a final agency action.

Both Plaintiff and Defendant agree that "neither the United States no[r] its agencies can be sued unless it expressly consents to such suit." Resp. in Opp. to Plaintiff's Mot. to Amend Compl. at 1 (referencing <u>United States v. Sherwood</u>, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) and <u>U.S. v. Timmons</u>, 672 F.2d 1373, 1378 (11th Cir. 1982), the latter being a case Plaintiff cited). The APA does not waive sovereign immunity unless there is an "[a]gency action made reviewable by statute" or a "final agency action for which there is no other adequate remedy in a court." See 5 U.S.C. § 704. Since here, there is neither a statute nor a final agency action to permit review, the APA does not waive sovereign immunity for the claim Plaintiff attempts to bring. In the absence of a waiver of sovereign immunity, Plaintiff cannot bring its suit against the VA, one of the United States' agencies.

---

[1] The Plaintiff never inquired as to the conditions of the decision regarding its agent, Lian, to determine how that decision would affect Lian or Plaintiff, itself.

Finally, the purpose and intentions of the APA make it clear that the APA is not the appropriate statute to allow Plaintiff to bring its suit. The APA was enacted to provide judicial review of an agency's rulemaking, adjudicative, or other type of final agency action. See Bennett v. Spear, 520 U.S. 154,177,117 S.Ct. 1154, 1168, 137 L.Ed. 2d 281 (1997). But, here, the asserted discrimination that allegedly amounted to a breach of contract was not a part of the VA's "rulemaking" or "adjudicative" functions as these functions are normally understood. The VA was not promulgating a rule or adjudicating a case before it. Rather, the VA was merely managing a service contract to provide care for its patients. And, as discussed above, this was not an other type of final agency action. As a result, judicial review of the instant case, via the APA, would not be in accord with the purposes of the APA.

Additionally, judicial review under the APA is generally limited to the administrative record. Thompson v. U.S. Dept. of Labor, 885 F.2d 551, 555 (9th Cir. 1989); 5 U.S.C. § 706. Here, there is little, if any, administrative record, a fact which would make it very difficult for Plaintiff to pursue a claim for discrimination regarding a contract. The lack of an administrative record shows yet another reason that the APA is ill-suited and unintended to be used as an avenue for Plaintiff's relief in this case.

In summary, the APA is inadequate to allow Plaintiff's pursuit of its claim because Plaintiff's claim is grounded in contract and the Tucker Act deprives this Court of jurisdiction. The APA only waives sovereign immunity in an action seeking relief other than money damages and any relief Plaintiff is asking for is, in fact, money damages stemming from the alleged breach of contract. The Plaintiff's claim cannot be brought under the APA because there was no final decision. And, the purposes of the APA and lack of administrative record show that the

APA is not intended to be used as an avenue of relief in cases where asserted discrimination allegedly lead to a breach of contract.  For these reasons, Plaintiff's request to amend its complaint to pursue relief under the APA is futile.  Consequently, Plaintiff's Motion to Amend its Complaint, Doc. 53, is denied.  And, because Plaintiff admits that its current claim cannot proceed, Defendant's motion to dismiss, Doc. 47, is granted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Plaintiff's Motion to Amend Complaint is denied.

2. The Defendant's Motion to Dismiss for Lack of Jurisdiction is granted, and this case is dismissed with prejudice.

**DONE AND ORDERED** this  *10th*   day of July, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge